UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-196-TWP-DML-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| NATHAN POTTER | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:17-cr-00196-TWP-DML-1 |
| | ) |
| NATHAN POTTER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Nathan Potter's ("Mr. Potter") *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). (Dkt. 59.) Mr. Potter seeks immediate release from incarceration due to the Coronavirus pandemic. *Id.* Because Mr. Potter has not shown extraordinary and compelling reasons for a sentence reduction, his Motion is **denied.**

## I. BACKGROUND

In March 2018, the Court sentenced Mr. Potter to 70 months' imprisonment and 10 years of supervised release after he pleaded guilty to one count of receipt of child pornography. (Dkts. 44, 45.) In pleading guilty, Mr. Potter admitted to knowingly receiving child pornography images and videos via the internet, including some explicit images of pre-pubescent children. (Dkt. 24.) He also admitted that, while working as a camp counselor, he would repeatedly put himself in situations to see minor male children at the camp in the nude and to intentionally, yet surreptitiously, touch the genitals of minor male children at the camp. *Id.* Judgment was entered on March 9, 2018. (Dkt. 45.)

On August 19, 2020, Mr. Potter filed a *pro se* motion that the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 57.)  The Court concluded that the motion did not, on its face, show that Mr. Potter was entitled to compassionate release and denied the motion without prejudice. (Dkt. 58.)  The Court informed Mr. Potter that he could file a renewed motion by completing and returning the Court's form compassionate release motion. *Id.*  On October 23, 2020, Mr. Potter submitted a renewed motion by completing and returning the Court's form compassionate release motion. (Dkt. 59.)  That motion is currently pending before the Court.[1]

## II. DISCUSSION

Mr. Potter is 35 years old.  He is presently incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI Milan").  As of October 27, 2020, the Bureau of Prisons ("BOP") reports that FCI Milan has one active COVID-19 case among inmates; it also reports that three inmates at FCI Milan have died of COVID-19 and that 88 inmates at FCI Milan have recovered from the virus.  https://www.bop.gov/coronavirus/ (last visited October 27, 2020). According to the BOP website, Mr. Potter's release date is April 12, 2023.

In his renewed motion, Mr. Potter states that he is seeking release because he is at risk for serious illness should he contract the COVID-19 pandemic. (Dkt. 59 at 2, 4–15.)  He states that he "would suffer from a combination of serious health conditions, not limited to, but including neurological, heart damage, cardiovascular complications, or death if (and when) [he is] infected by COVID-19." *Id.* at 2.  He does not, however, base his motion on any medical diagnosis of his own, *id.* at 22 (leaving blank a question where he was asked to list any medical diagnoses that are

---

[1] The Court concludes that it does not require a response brief from the Government to decide the issues presented by Mr. Potter's motion.

3

the basis of his motion), and the record includes no information suggesting that Mr. Potter has a condition that would put him at risk of developing severe symptoms if he were to contract COVID-19, (*see* Dkt. 38 at 7 (December 2017 Presentence Investigation Report, stating that Mr. Potter believed he was in good physical health and was not under the care of a physician)). Instead, Mr. Potter provides generalized information about potential complications associated with COVID-19 (including neurological problems, cardiovascular problems, and kidney damage). *Id.* at 11–15. He also notes that COVID-19 affects people of all ages and that some younger people have suffered severe complications after being infected, such as paralysis. *Id.* at 14.

Mr. Potter also complains that the BOP has mishandled the COVID-19 pandemic at FCI Milan, leading to an outbreak at the facility. *Id.* at 4–9. He notes that it is impossible to comply with social distancing recommendations while incarcerated and claims the BOP and FCI Milan are "intentionally bringing the virus" into the facility by allowing visitation to resume in October. *Id.* at 9–11. Finally, he contends that he has completed numerous educational programs, has maintained clear conduct while at FCI Milan, and received no violations when he was on pre-trial release. *Id.* at 2.

18 U.S.C. § 3582(c) provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,[2] whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[2] Mr. Potter submitted a document showing that his warden denied his administrative request for compassionate release on August 4, 2020. (Dkt. 59-2 at 3.) Thus, the Court may proceed to the merits of his motion.

>    **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[3] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether

---

[3] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

"[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Potter is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D).[4]

---

[4] The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4. Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g.*, *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349,

Mr. Potter does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. (*See generally* Dkt. 59.) Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

The Court concludes that it does not. Although Mr. Potter argues that he could suffer serious complications if he contracts COVID-19, he does not appear to have any medical conditions that put him at increased risk of experiencing severe symptoms if he contracts the virus. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions (last visited Oct. 27, 2020). That is, he bases his motion on the generalized threat that the COVID-19 virus poses. While the Court sympathizes with Mr. Potter's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, Dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction). As such, this Court has consistently denied motions for compassionate release from defendants—like Mr. Potter—who are not at an increased risk of developing severe symptoms if they contract COVID-19, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United*

---

at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Potter's motion is due to be denied even if the Court assumes that the policy statement is not binding and that it has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

7

*States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases). Although FCI Milan experienced an outbreak of COVID-19, it is not currently a hotspot for COVID-19 infections, making Mr. Potter's situation even less extraordinary and compelling than cases in which the Court has denied relief.

Mr. Potter's complaints about the way that the COVID-19 pandemic has been handled at FCI Milan do not change this result. Such complaints suggest that he may wish to consider filing in his district of incarceration an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), or a claim for injunctive relief. Given the availability of alternative relief, such complaints do not constitute an extraordinary and compelling reason warranting a sentence reduction.

Finally, the Court commends Mr. Potter for his clean disciplinary record and his efforts at rehabilitation. Rehabilitation alone is not, however, an extraordinary and compelling reason warranting a sentence reduction. *See* 28 U.S.C. § 994(t).

Given the Court's determination that Mr. Potter has not shown extraordinary and compelling reasons to justify his release, it does not need to decide whether he poses a danger to the community or whether the § 3553(a) factors weigh in favor of his release.

### III. CONCLUSION

For the reasons stated above, Mr. Potter's Motion for Compassionate Release, (Dkt. [59]), is **DENIED**.

**SO ORDERED.**

Date: 10/30/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Nathan Potter, Reg. No. 15763-028
Federal Correctional Institution Milan
P.O. Box 1000
Milan, Michigan  48160

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE
steve.debrota@usdoj.gov